Ms. Alinda Andrews Mr. T. Kevin O'Malley Mr. William Joel Rinke Mr. Michael G. Scussel Mr. Steve White Arkansas Employment Security Division Board of Review 323 Center, Suite 800 Little Rock, AR 72201
Ladies and Gentlemen:
I am writing in response to your request for an opinion, made pursuant to A.C.A. § 25-19-105(c)(3)(B), on whether the release of certain personnel records relating to your state employment is consistent with the Arkansas Freedom of Information Act ("FOIA"). Specifically, the following information has been requested of the Office of Personnel Management:
 A print-out showing for all individuals employed as attorneys by the State of Arkansas: (1) each employee's name; (2) grade; (3) classification (e.g. RO36; RO38, R170, 99 etc.) and title; (4) agency or state office name; (5) annual salary (preferably as of 7/01/04 or currently); and (6) number of years of state service. Please include this information for all attorneys with each agency and constitutional office, including the Office of the Attorney General.
It is my understanding that since the submission of her original request, the requester has withdrawn her request for the names of the employees in question. The Office of Personnel Management, as custodian of the records, has made a determination to release the remaining information in question. My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the custodian's decision is consistent with the FOIA.
RESPONSE
Although I have not reviewed the relevant documents, it is my opinion that the custodian's decision is generally consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003). Given that the subjects of the request are all state employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The" unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
In my opinion the records in question are "personnel records" for purposes of the FOIA. Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2003).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313.
At issue, then, is whether disclosing documents that record employee grade, classification, title, agency, salary and years of state service would amount to a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. Nos. 2001-112, 2001-022, 94-198, 94-178 and 93-055; Watkins, supra at 126.
Documents reflecting this type of information are in my opinion subject to inspection and copying under the act. See e.g., Ops. Att'y. Gen.2002-257; 2002-107. I and my predecessors have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See e.g., Op. Atty. Gen. 2003-298 and 2002-087. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it.
In my opinion, therefore, the custodian's decision is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh